United States District Court
Southern District of Texas
**ENTERED**
August 11, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ELIAS GAITAN,<br>    Plaintiff,<br><br>v.<br><br>LUIS V. SAENZ, SAMUEL LUCIO,<br>REBECCA RUBANE, AND BRANDY<br>M. BAILEY,<br>    Defendants. | §<br>§<br>§<br>§   Civil Action No. 1:19-cv-102<br>§<br>§<br>§<br>§<br>§ |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

The Court is in receipt of Plaintiff Elias Gaitan's pro se "Prisoner's Civil Rights Complaint" (hereinafter, Gaitan's "Original Complaint") and "Motion to Amend" (hereinafter, Gaitan's "Amended Complaint"). Dkt. Nos. 1, 13. For the reasons provided below, it is recommended that: (1) Gaitan's Amended Complaint be **DISMISSED WITH PREJUDICE**; and (2) the Clerk of Court be **DIRECTED** to **CLOSE** this case.

### I.   Venue and Jurisdiction

Venue is proper in this District because the alleged events giving rise to Gaitan's lawsuit occurred in Cameron County, Texas. *See* Dkt. Nos. 1 at 3–4; 13 at 2; 28 U.S.C. § 1391(b)(2) (noting that a civil action may be brought in the judicial district where "a substantial part of the events or omissions giving rise to the claim occurred."). Cameron County is in the Brownsville Division of the Southern District of Texas. *See* 28 U.S.C. § 124(b)(4). The Court has federal question subject matter jurisdiction because Gaitan has alleged violations of 42 U.S.C. § 1983. *See* Dkt. Nos. 1 at 4; 13 at 1; 28 U.S.C. § 1331

("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

## II. Background and Procedural History

Gaitan, a prisoner in state custody, filed his pro se Original Complaint on June 17, 2019. Dkt. No. 1. In it, Gaitan raises claims based on his state conviction and pending "Petition for Writ of Habeas Corpus" pursuant to 28 U.S.C. § 2254. (hereinafter, Gaitan's "§ 2254 Petition" or "Petition"). Dkt. No. 1; *See also Gaitan v. Davis*, No. 19-cv-56 (S.D. Tex. 2019). Gaitan alleges that the following individuals violated his civil rights: (1) Cameron County District Attorney Luis V. Saenz; (2) Assistant District Attorney Brandy M. Bailey; (3) Brownsville Police Department Detective Samuel Lucio; and (4) his trial counsel, Rebecca RuBane. *Id.* at 3. Specifically, Gaitan further alleges that the District Attorney's Office was complicit in an improper investigation. *Id.* at 4. Gaitan claims that Saenz, Bailey, and Lucio abused their official capacity and facilitated his kidnapping. *Id.* at 3. Similarly, Gaitan contends that Lucio: (1) conducted an improper investigation when he hired a "3rd party" composed of unidentified individuals (hereinafter, the "third party") to capture him in Mexico; (2) failed to afford him due process; (3) failed to disclose documents about his capture; and (4) committed perjury. *See id.* at 4. Gaitan also alleges that RuBane engaged in "theft of service" and "deceptive business" practices. *Id.* at 3. Gaitan requests a court-appointed attorney to pursue his § 1983 action, wherein he seeks to recover "[a]ll that has been lost to [him]." *Id.*

On July 29, 2019, the Court granted Gaitan's "Application to Proceed In Forma Pauperis," and ordered him to provide a more definite statement regarding his allegations. Dkt. No. 11. Gaitan filed the instant Amended Complaint on August 2, 2019.

Dkt. No. 13. In his Amended Complaint, Gaitan alleges broad violations of his constitutional rights that closely resemble claims raised in his § 2254 Petition. *See id.*

First, Gaitan alleges that Lucio's improper investigation constitutes "bias," and that the hiring of the third party to capture him amounted to a kidnapping. Dkt. No. 13 at 1–2. Gaitan claims that, during his capture, he made an exculpatory statement that proves his innocence, which Lucio failed to disclose in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). *Id.* at 2, 6. Gaitan contends that he should be found innocent as previously requested in his state application for a writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure[1] (hereinafter, Gaitan's "Art. 11.07 state habeas application") and the § 2254 Petition pending before this Court. *Id.* at 1–2.

Second, Gaitan alleges that the District Attorney's Office withheld documents regarding the referenced third party. Dkt. No. 13 at 2. Gaitan claims that Defendants Saenz, Bailey, and Lucio breached the "contracts clause" under the Fourteenth Amendment and committed fraud when they acted in "bad faith" in dismissing his allegations as "conclusory" in response to his Art. 11.07 state habeas appeal. *Id.* at 2–3. Gaitan further claims that the District Attorney's Office committed the following violations: (1) stolen or counterfeit nature of property under 18 U.S.C. § 21; (2) misprision of a felony under 18 U.S.C. § 4; and (3) accessory after the fact under 18 U.S.C § 3. *Id.* at 2. Gaitan cited the Texas Penal Code to support his claims.[2] *Id.* at 3.

Third, Gaitan alleges that RuBane engaged in theft of service and deceptive business practices when she agreed to represent him, knowing that her health problems

---

[1] TEX. CODE. CRIM. P. ART. 11.07.

[2] The Court will not address Gaitan's state law claims; Gaitan orally abandoned and dismissed those claims during the *Spears* hearing. Dkt. No. 19 at 6.

could impact her performance during trial.³ *See* Dkt. No. 13 at 4. Gaitan claims that RuBane's ongoing health problems, and her comatose state following his trial constituted a violation of his Sixth Amendment right to effective assistance of counsel. *Id.* Similar to the claims brought against the District Attorney's Office, Gaitan alleged that RuBane violated various Texas criminal statutes.⁴ *Id.* at 4. Additionally, in his Amended Complaint, Gaitan names Assistant District Attorney Samuel B. Katz as a defendant. *Id.* at 5. Gaitan alleges that Katz violated his Fourteenth Amendment rights when Katz sought to dismiss his Art. 11.07 state habeas application. *Id.*

On August 19, 2019, the Court received Gaitan's "Response to the Court's Order" (hereinafter, Gaitan's "Response"). Dkt. No. 15. In his Response, Gaitan claims that he has "set out to his best a definite statement to each of the actors and which actions form the basis of his allegations." *Id.* (errors in original). Gaitan alleges that: (1) Lucio did not conduct a proper investigation; and, if he did, his case would not have gone to trial; (2) Bailey conspired with Lucio to convict him; (3) Saenz and Katz withheld evidence about the third party in violation of the Fourteenth Amendment; and (4) RuBane violated his Sixth Amendment right to counsel; he requests affidavits from her doctor to determine how her health problems impacted her performance during trial. *Id.* In sum, Gaitan alleges that Defendants "took their chance and went outside to make their own conclusions" and that he "is entitled to relief" because he "was brought from Mexico that Lucio hired." *Id.* (errors in original).

---

³ Although unclear, Gaitan seems to allege that RuBane violated his Sixth Amendment rights, she committed "stolen or counterfeit nature of property" in violation of 18 U.S.C. § 21 and violated the Texas Penal Code, to support his theft of service and deceptive business claims. Dkt. No. 13 at 4.

⁴ As previously noted, Gaitan orally abandoned and dismissed his state law claims at the *Spears* hearing. Dkt. No. 19 at 6.

Having determined that Gaitan's § 1983 claims remained unclear, the Court ordered Gaitan to appear for a *Spears* hearing. Dkt. No. 16; *see Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Gaitan appeared before the Court for the *Spears* hearing on November 13, 2019. *See* Minute Entry dated Nov. 13, 2019; Dkt. No. 19.

### III.    Legal Standards

#### A.    42 U.S.C. § 1983

Title 42 United States Code Section 1983 provides a cause of action against any person, acting under color of state law, who "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Section 1983, however, "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n. 3, 99 S. Ct. 2669, 61 L. Ed. 2d 433 (1979). To bring a claim under § 1983, then, a plaintiff must first: (1) allege a violation of rights secured by the Constitution or laws of the United States; and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994). The alleged deprivation must be intentional, as negligent conduct cannot support a § 1983 claim. *Jackson v. Procunier*, 789 F.2d 307, 310 (5th Cir. 1986) (citing *Davidson v. Cannon*, 474 U.S. 344 (1986))

The first question for any § 1983 claim revolves around whether the plaintiff has been deprived of a right "secured by the Constitution and laws;" if there has been no constitutional violation, "the state of mind of the defendant is wholly immaterial." *Baker*,

443 U.S. at 140. "A public official is liable under a § 1983 claim only if he *causes* the plaintiff to be subjected to deprivation of his constitutional rights." *Id.* at 142 (internal quotations marks omitted; emphasis in original). A plaintiff must state with specificity the constitutional right that has been allegedly violated as opposed to vague or general assertions of constitutional rights. *See Sanchez v. Swyden*, 139 F.3d 464 (5th Cir. 1998).

**B.     *In Forma Pauperis***

The federal *in forma pauperis* statute, codified at 28 U.S.C. § 1915, applies to both incarcerated and non-incarcerated plaintiffs. *See* 28 U.S.C. § 1915. An indigent plaintiff may begin his federal court action, without paying required costs and fees when he submits an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915 (a)(1).

District courts must screen prisoner civil rights actions and dismiss any action that is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A; *Bohannan v. Doe*, 527 Fed. Appx. 283, 289 (5th Cir. 2013) (same). A complaint filed *in forma pauperis* that lacks an arguable basis in law should be dismissed pursuant to 28 U.S.C. § 1915A. *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). A claim is frivolous only when it lacks an arguable basis either in law or in fact. *See Neitzke*, 490 U.S. 319; *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category

encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32–33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992); *Neitzke*, 490 U.S. at 327–28. The Court must, therefore, determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *Jackson v. Vannoy*, 49 F.3d 175, 176–177 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

"The screening function occurs before defendants are expected to respond and is intended to discourage the waste of judicial and private resources on baseless lawsuits." 28 U.S.C. §§ 1915(e)(2)(B), 1915A; *Bohannan*, 527 Fed. Appx. at 289 (same). Courts retain the power to determine, at any time, whether to dismiss an *in forma pauperis* case. *See* 28 U.S.C. § 1915(e)(2)(B). "A district court need not await any responsive pleading to conduct its inquiry" for an action filed *in forma pauperis*. *Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995). A dismissal for failure to state a claim is governed by the same standard for Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002). Under this standard, the Court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (internal citations and quotation marks omitted).

**C.    Pro Se Status**

A plaintiff's pro se pleadings are "to be liberally construed" and no matter how "inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). Said another way, a pro se litigant's filings are given the liberal construction that

affords all reasonable inferences which can be drawn. *See Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2000). Though a liberal construction is given, it "does not exempt a party from compliance with the relevant rules of procedural and substantive law." *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981).

### IV. Discussion[5]

Gaitan's Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A. Notwithstanding the liberal construction afforded to pro se pleadings, the Court retains broad discretion in determining whether Gaitan's Complaint lacks merit and therefore subject to dismissal. *See Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

#### A. Spears Hearing Testimony

As stated earlier, Gaitan abandoned his state law claims during the *Spears* hearing and elected to proceed, instead, only with his claims alleging violations of federal law. Dkt. No. 19 at 6. Despite the arguments made during this hearing, Gaitan's claims remain nonsensical and unclear regarding which of his constitutional rights were violated and to what relief he is entitled pursuant to 42 U.S.C. § 1983.

---

[5] The Court notes that "[a]n amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F. 3d 344, 346 (5th Cir. 1994) (citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985)). As a pro se litigant, however, Gaitan is afforded a liberal construction of his claims. The Court, then, will also consider those claims raised by Gaitan in his Original Complaint. For purposes of this section, Gaitan's Original Complaint and Amended Complaint are collectively referred to as his "Complaint."

Gaitan appears to claim that, during his Art. 11.07 state habeas process, Saenz and Katz violated his Fourteenth Amendment rights and committed a *Brady* violation when they failed to disclose documents, affidavits, or other information. Dkt. No. 19 at 7–8. Gaitan asserts that he has a constitutional right to these documents; Gaitan claims that without these documents he cannot pursue his pending § 2254 Petition. *Id.* at 8, 10, 13. Gaitan cites 18 U.S.C § 21, which defines stolen or counterfeit property, in support of his claim. *Id.* at 8. Gaitan maintains that the documents contain information about Lucio and the third party, as well as an exculpatory statement that proves his innocence. *See Id.* at 19.

Gaitan further alleges that Lucio committed perjury when he referred to false and unrecorded statements that Gaitan allegedly made. Dkt. No. 19 at 22–23, 31. Gaitan maintains that Bailey conspired with Lucio, and the District Attorney's Office, to withhold favorable evidence in violation of *Brady*. *Id.* at 23–24. Gaitan also alleges that the third party seized his car. *Id.* at 12, 18. Gaitan avers that he seeks a remedy "to proceed into the Federal criminal with the Federal Civil . . . [because] I do feel like my civil rights were neglected and that's why I'm pursuing this because it was taken from me, my liberty of what I want." *Id.* at 28 (errors in original).

**B.     Gaitan's Claims are Barred under *Heck***

The majority of Gaitan's claims concern his underlying criminal conviction. Gaitan asserts that Bailey, Katz, Lucio, and Saenz violated his rights when they engaged in prosecutorial misconduct, perjury, and withheld documents in violation of *Brady*. *See* Dkt. Nos. 1 at 3; 13 at 1–2; 15; 19 at 19. Gaitan contends that he is innocent, and that these Defendants abused their official capacity to falsely convict him. *See id.*

In *Heck v. Humphrey*, the Supreme Court held that courts must dismiss complaints brought under 42 U.S.C. § 1983 where the action, if successful, would necessarily imply the invalidity of a plaintiff's conviction or sentence. *See* 512 U.S. 477, 486–87, 114 S. Ct. 2364, 129 L. Ed. 383 (1994). A plaintiff may avoid dismissal if his conviction or sentence has been: (1) reversed on direct appeal; (2) expunged by executive order; (3) declared invalidated by a state tribunal authorized to make such a determination; or (4) called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Id.* Said another way, if a judgment in favor of a civil rights plaintiff "would necessarily imply the invalidity of his conviction or sentence," then the complaint "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

This bar is necessary to avoid "parallel litigation over the issues of probable cause and guilt" and the "creation of two conflicting resolutions arising out of the same or identical transaction." *See Heck*, 512 U.S. at 484. Otherwise, a successful § 1983 action would imply the invalidity of the criminal conviction and "permit a collateral attack on the conviction through the vehicle of a civil suit." *See id.* at 484–86 (internal quotation marks omitted). The Supreme Court has made it clear that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82, 125 S. Ct. 1242, 161 L. Ed. 2d 253 (2005).

Here, a favorable ruling would implicitly undermine the validity of Gaitan's conviction and incarceration. Gaitan has failed to raise a cognizable § 1983 claim; he has

not shown that his conviction and sentence have been reversed, invalidated or expunged. *See Heck*, 512 U.S. at 486–87. "[A] plaintiff's claim is *Heck*-barred despite its theoretical compatibility with his underlying conviction if specific factual allegations in the complaint are necessarily inconsistent with the validity of the conviction." *Bush v. Strain*, 513 F.3d 492, 498 n. 14 (5th Cir. 2008) (alternation omitted); *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) ("It is irrelevant that [a plaintiff] disclaims any intention of challenging his conviction; if he makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit.") (error in original).

Similarly, Gaitan's allegations that the prosecution failed to disclose documents in violation of *Brady* are not proper under 42 U.S.C. § 1983. In *Brady v. Maryland*, the Supreme Court held that the prosecution's failure to disclose exculpatory evidence to a criminal defendant violates that defendant's due process rights. 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). Evidence is considered exculpatory "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682, 105 S. Ct. 3375, 87 L. Ed. 2d 481 (1985). To prevail on a *Brady* violation, Gaitan must demonstrate that the prosecution suppressed evidence material to guilt that was favorable to him. *Vega v. Johnson*, 149 F.3d 354, 363 (5th Cir. 1998). Gaitan's *Brady* claims seek to challenge his conviction and, therefore, are barred under *Heck*. *Heck*, 512 U.S. at 487.

To the extent that Gaitan seeks release from confinement, such relief is not available to him under 42 U.S.C. § 1983. A habeas petition filed pursuant to 28 U.S.C. § 2254 is the proper procedural mechanism available to a state prisoner challenging the fact or duration of his confinement. *Cook v. Texas Dept. of Criminal Justice Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994). If Gaitan wishes to challenge his conviction or

length of sentence, he must do so by filing a habeas petition, not a § 1983 action.[6] Gaitan's claims discussed above, then, cannot survive and are subject to dismissal.

## C. Gaitan has Failed to State a Cognizable Constitutional Violation

For the reasons stated below, the Court finds that Gaitan's remaining claims are not cognizable under 42 U.S.C. § 1983. Gaitan fails to support his claims with specific facts to demonstrate a constitutional deprivation of his rights. *See Schultea*, 47 F.3d at 1433. Additionally, Gaitan raises vague claims that lack factual or legal support that entitles him to relief. *See Taylor v. Books-A-Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice.") (citation omitted).

### 1. *Gaitan has Failed to Prove Malicious Prosecution.*

To the extent that Gaitan's allegations can be construed as an independent claim for malicious prosecution, he fails to state a claim. There is "no such freestanding constitutional right to be free from malicious prosecution [that] exists." *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003) (en banc). A plaintiff cannot bring a claim for malicious prosecution under § 1983. *Id.* at 942. Instead, a plaintiff must establish an underlying constitutional violation. *See id.* at 953. Here, Gaitan makes generalized assertions that his constitutional rights were violated by the prosecution's improper investigation. Dkt. No. 15 ("All the actors took their chance and went outside to make their own conclusions.") (errors in original). Gaitan does not provide factual support or evidence that the prosecution conducted an improper investigation to convict him. Mere legal conclusions are "not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S.

---

[6] As noted, Gaitan has filed a habeas petition in Civil Action No. 1:19-cv-56 pending before the Court.

662, 667–669, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Gaitan's claim, then, is subject to dismissal.

### 2. *Criminal Charges Cannot be Brought against Defendants.*

Gaitan alleges that Defendants engaged in various criminal activities and should be criminally prosecuted. Dkt. No. 13 at 2–4. Investigations for possible criminal activities and prosecution of federal criminal offenses falls under the exclusive jurisdiction of the executive branch of the federal government. *See Pierre v. Guidry*, 75 F. Appx. 300, 300 (5th Cir. 2003) (per curiam). There is no constitutional right to have a person criminally prosecuted. *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). Gaitan's reference to criminal statutes cannot support his § 1983 action; his claim, then, fails and is subject to dismissal.

### 3. *State Prosecutors are Immune from Civil Damages.*

Gaitan cannot sue prosecutors for their role in bringing charges and prosecuting him. A criminal prosecutor is immune from damages under § 1983 in presenting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976). This immunity extends to the prosecutor initiating the prosecution and carrying the criminal case through all judicial proceedings. *Young v. Biggers*, 938 F.2d 565, 569 (5th Cir. 1991). District Attorneys Bailey, Katz, and Saenz are, therefore, immune from civil damages in presenting the state's case. Gaitan's claim, then, is subject to dismissal.

### 4. *RuBane is Not a State Actor.*

Gaitan asserts that RuBane rendered ineffective assistance when she failed to obtain documents concerning his arrest in Mexico, and that her health problems negatively impacted her performance. Dkt. No. 13 at 3–4. This claim lacks merit. Gaitan can only bring a § 1983 action against state actors; RuBane is not a state actor.

*Southwestern Bell Telephone, LP v. City of Houston*, 529 F.3d 257, 260 (5th Cir. 2008). A state actor is subject to liability under § 1983 when the defendant acts "under color of any statute, ordinance, regulation, custom, or usage, or any State of Territory or the District of Columbia." 42 U.S.C. § 1983. Neither a privately-retained attorney nor a court-appointed attorney is a state actor under § 1983. *Polk County v. Dodson*, 454 U.S. 312, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981); *Pete v. Metcalfe*, 8 F.3d 214, 216–17 (5th Cir. 1993) (citing *Dennis v. Sparks*, 449 U.S. 24 (1980)). Because RuBane is not a state actor, Gaitan's claims against her fail and are subject to dismissal.

### 5. *There is No Evidence of a Seizure of Property.*

Gaitan alleges that the third party seized his car without permission, and that he is entitled to monetary compensation. Dkt. No. 19 at 12. A seizure of property occurs when there is a "meaningful interference with an individual's possessory interests in that property." *Soldal v. Cook County, Illinois*, 506 U.S. 56, 61, 113 S. Ct. 538, 121 L. Ed. 2d 450 (1992). Here, Gaitan does not specify the identities of the individuals who took his car, and they are not a named party in the instant action. *See* Dkt. No. 19 at 14. Gaitan contends that Lucio hired these unidentified individuals to capture him in Mexico. *Id.* at 12. Gaitan's claim lacks merit. First, Gaitan fails to provide factual support or evidence that Lucio hired these unidentified individuals. *See id.* at 12–14. Without convincing evidence that these individuals were acting under color of state law, Gaitan cannot succeed on his § 1983 action. *American Mftrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal quotation marks omitted). Second, Gaitan's own testimony

indicates that the car was possibly sold.[7] Dkt. No. 19. Critically, it appears Gaitan's car may not have been seized by state actors; it may have instead been part of a private transaction between individuals. *Id.* Gaitan's claim, then, fails and is subject to dismissal.

## V.  Recommendation

For the reasons provided above, it is recommended that: (1) Gaitan's Amended Complaint be **DISMISSED WITH PREJUDICE**; and (2) the Clerk of Court be **DIRECTED** to **CLOSE** this case.

## VI.  Notice to the Parties

A party's failure to file written objections within fourteen days after being served with a copy of the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions that the district court accepts, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc); *superseded by statute on other grounds*; 28 U.S.C. § 636(b)(1).

**SIGNED** on this **11th** day of August, 2020, at Brownsville, Texas.

Ignacio Torteya, III
United States Magistrate Judge

---

[7] During the *Spears* hearing, Gaitan testified that "they approached me, like, they were wanting to buy the car . . . they took off–took it for a test drive by selling it back with my older brother." Dkt. No. 19 at 12 (errors in original).