UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ELIAS GAITAN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 1:19-CV-102 |
| | § | |
| LUIS V SAENZ, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Elias Gaitan brings this action against Cameron County District Attorney Louis V. Saenz, Assistant District Attorney Brandy M. Bailey, Assistant District Attorney Samuel B. Katz, Brownsville Police Department Detective Samuel Lucio, and his former counsel Rebecca RuBane, alleging causes of action under 18 U.S.C. § 1983 and Texas state law. (Amended Complaint, Docs. 1, 13, 15; Response, Doc. 15[1])  His claims stem from the investigation, prosecution, and defense of his earlier criminal conviction, for which he is currently incarcerated.

The Magistrate Judge conducted a *Spears* hearing, at which Gaitan abandoned his state law claims. (Transcript, Doc. 19, 6)  The Magistrate Judge then issued a Report and Recommendation (Doc. 27) recommending dismissal of the Amended Complaint.  Gaitan timely filed objections. (Objections, Doc. 30)

The Court has conducted a *de novo* review of the record and the applicable law in this case.  In his objections to the Report and Recommendation, Gaitan re-urges arguments he presented to the Magistrate Judge, and which the Report and Recommendation ably and correctly addresses.

Gaitan's only new argument is a request that the case be stayed pending the outcome of his pending habeas petition. (Objections, Doc. 30, 7–8)  The Court declines this request.  When

---

[1] The Magistrate Judge ordered Gaitan to respond to interrogatories, so as to provide additional details regarding his allegations.  Gaitan's Response forms part of his Amended Complaint.  *See Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996) (indicating that responses to a questionnaire can become part of the "total filing").

a Section 1983 action cannot go forward, the appropriate action is to dismiss the claim, not issue a stay.  *See, e.g., Wallace v. Kato*, 549 U.S. 384, 394 (2007) ("If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit."); *Edwards v. Balisok*, 520 U.S. 641, 649 (1997) ("We reemphasize that § 1983 contains no judicially imposed exhaustion requirement; absent some other bar to the suit, a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed.") (citation removed).

In addition, following the issuance of the Report and Recommendation, but prior to filing objections, Gaitan filed four motions.  In two of those filings, he requests certain trial court records and transcripts, as well as disclosures under Federal Rule of Civil Procedure 26. (Motion for Trial Court Records, Doc. 31; Motion for Disclosures, Doc. 33)  Gaitan, however, is not entitled to additional discovery, as his claims are subject to dismissal for failure to state a claim upon which relief can be granted.  *See* 28 U.S.C. § 1915(e).  He has not demonstrated how the requested discovery would overcome the legal deficiencies of his causes of action.

Gaitan also requests appointment of counsel and leave to amend his Amended Complaint. (Motion for Request Attorney, Doc. 34; Motion for Leave to Amend, Doc. 32)  The Court finds these requests unpersuasive.  First, Gaitan has no constitutional right to counsel to represent him in this lawsuit.  *See, e.g.*, *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987) ("There is no automatic right to the appointment of counsel in a section 1983 case.").  Given the legal deficiencies of his causes of action, the Court concludes that appointing counsel would be futile. Similarly, the Court finds that granting Gaitan leave to file a Second Amended Complaint would also be futile, especially when Gaitan's proposed amended  pleading appears to be limited to adding the City of Brownsville as a defendant.  Gaitan does not explain how such an amendment would overcome the legal deficiencies of his causes of action.  As a result, granting leave to amend would be futile.  *See, e.g.*, *Foman v. Davis*, 371 U.S. 178, 182 (1962) (listing "futility" as a

reason to deny a request to amend); *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (same).

Accordingly, the Court **OVERRULES** Gaitan's objections and **ADOPTS** the Report and Recommendation (Doc. 27). It is:

**ORDERED** that Plaintiff Elias Gaitan's causes of action in his Amended Complaint (Docs. 1, 13, 15) are **DISMISSED WITH PREJUDICE**;

**ORDERED** that Plaintiff Elias Gaitan's Motion for Leave to Obtain Trial Court Records in Parts and the Trial Transcripts in Parts (Doc. 31) is **DENIED**;

**ORDERED** that Plaintiff Elias Gaitan's Motion for Leave to Amend the Action (Doc. 32) is **DENIED**;

**ORDERED** that Plaintiff Elias Gaitan's Motion for Disclosures (Doc. 33) is **DENIED**; and

**ORDERED** that Plaintiff Elias Gaitan's Motion for Request Attorney (Doc. 34) is **DENIED**.

The Clerk of Court is directed to close this matter.

SIGNED this 14th day of December, 2020.

_____
Fernando Rodriguez, Jr.
United States District Judge